EXECUTORS AND ADMINISTRATORS ☞249—DISPUTED CLAIM FOR FUNERAL EX-
PENSES—DETERMINATION.

Where, in a proceeding instituted after the taking effect of Laws 1914,
c. 443, amending Code Civ. Proc. § 2729, subd. 3, providing that the surro-
gate shall, unless the validity of the claim and its reasonableness are
admitted, take proof as to such facts to compel payment of funeral ex-
penses incurred prior to such amendment, the administratrix disputes
the reasonableness of the amount, the court should not decide the matter,
but should direct that the disputed claim be heard on judicial settlement
of the administratrix's account.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 891, 892; Dec. Dig. ☞249.]

In the matter of the estate of Ellen B. Lucas, deceased. On peti-
tion to compel the administratrix to pay funeral expenses. Decreed
according to opinion.

Garvin & Young, of New York City, for petitioner.
William G. Mulligan, of New York City, for respondent.

SCHULZ, S. The undertaker having charge of the funeral arrange-
ments of the decedent has assigned his claim to the petitioner herein,
a grandson of the decedent, who now begins this proceeding against
the administratrix of the decedent to compel the payment of these
funeral expenses. The administratrix files an answer, wherein, among
other things, she disputes the reasonableness of the amount of the
funeral expenses.

It appears that, while there is no proof that the administratrix
has received moneys belonging to the estate which are applicable to
the payment of this claim, certain moneys were paid to the clerk of the
Surrogate's Court, county of Bronx, under an order of the Supreme
Court, county of Broome, which belong to said estate, which are now
in the hands of the city chamberlain, and which are applicable to the
payment of this claim.

Section 2729, subdivision 3, which was in force prior to the recent
amendment of chapter 18 of the Code by chapter 443 of the Laws
of 1914, so far as material, provided that in a proceeding of this kind—

"the surrogate shall, unless the validity of the claim and the reasonableness
of its amount are admitted by such executor or administrator, take proof as
to such facts, and if satisfied that such claim is valid shall fix and determine
the amount due thereon and shall make an order directing the payment with-
in ten days after the service of such order. * * * "

By the law referred to subdivision 3 of section 2729 was amended
and renumbered, so that it is now section 2686 of the Code, and became
effective September 1, 1914. The section as amended, in so far as
material to the present controversy, provides:

" * * * If the executor or administrator files an answer setting forth
the facts, and therein disputes the validity of the claim or claims, or the
reasonableness of the amount thereof, the surrogate shall direct that the

claim or claims so disputed be heard upon the judicial settlement of the accounts of such executor or administrator."

The purpose of the amendment as indicated by the Report of the Commission to Revise the Practice and Procedure in Surrogates' Courts, p. 214, is that if the claim is disputed it ought not to be tried until all interested parties are in court; hence, in such case, the trial is to be postponed until judicial settlement. In the matter now under consideration the administratrix is also the sole next of kin, but the estate appears to be insolvent, and hence creditors would be affected by the allowance of the funeral bill in question. If, then, the present proceeding is governed by section 2729, subdivision 3, of the Code prior to its amendment, I should now take proof and dispose of the matter. If, on the other hand, it is governed by section 2686 of the present Code, I have no power to hear the matter at this time, but must make an order reserving it to the final accounting.

The decedent died prior to the time the amendment of 1914 became effective and the funeral bill in question was incurred at that time. The bill was paid, the assignment made to the present claimant, and this proceeding commenced after the amendment of 1914 took effect. Under these circumstances, is the proceeding governed by subdivision 3 of section 2729 of the Code prior to the amendment, or is it governed by section 2686 of the present Code?

The question has been determined by an adjudication in the Appellate Division which is binding upon this court. In Matter of Kipp, 70 App. Div. 567, 75 N. Y. Supp. 589, it appeared that subdivision 3 of section 2729 went into effect on September 1, 1901. In that case, the services were performed on or about March 19, 1901. The claim was presented June 17, 1901, and an order referring the matter to a referee to take proof and report to the court was made on December 26, 1901. There, as here, the services were rendered before the law in effect when the proceeding was commenced had been enacted, and the court says:

"It is objected by the appellant that * * * as the amendment to section 2729, constituting subdivision 3 thereof, went into effect on September 1, 1901, it is not applicable to the matter at bar, as the claim accrued before the amendment became operative. It seems to be sufficient to say upon this point that the amendment of section 2729 was a mere regulation of procedure; and it is a well-settled rule that, no matter when a claim may mature, the form of procedure provided for by the law for its collection at the time the proceeding for collection is commenced must be the one adopted, and consequently the claimant was required, at the time at which he presented his application, to proceed in the manner then provided by the law for enforcing its collection."

While this question has not been raised by counsel, it follows that in the matter now before me the claimant must proceed under the provisions of the law which are contained in section 2686 of the present Code, and that I cannot decide this matter now, or take any proof upon it, but must, as the said section provides, direct that the claim so disputed be heard upon the judicial settlement of the account of the administratrix.

Decreed accordingly.